UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROY REESE and DOLORES TERLECKY,

                    Plaintiffs,

      -against-                              No. 7:23-cv-09442 (VR)

TUXEDO UNION FREE SCHOOL DISTRICT,      **STIPULATION AND ORDER**

                    Defendants.
------------------------------------------------------------------X

      **WHEREAS**, Plaintiffs ROY REESE and DOLORES TERLECKY (collectively, "Plaintiffs") served a First Set of Interrogatories on or about January 25, 2024; and

      **WHEREAS**, Defendant the TUXEDO UNION FREE SCHOOL DISTRICT ("Defendant") responded to Plaintiffs' First Set of Interrogatories on or about March 4, 2024; and

      **WHEREAS,** Defendant seeks to supplement their responses to Plaintiffs' Interrogatories No. 1, 2, 3, and 10; and

      **WHEREAS,** Defendant believes that the information that it seeks to supplement in its responses is sensitive, obtained confidentially, and relates to non-parties (hereinafter, the "Information"); and

      **WHEREAS,** Defendant seeks to limit the exposure and/or distribution and/or dissemination of the Information to the greatest extent possible; and

      **WHEREAS,** Defendant is cognizant of, appreciates, and does not seek to limit the right of Plaintiffs' to inquire into and/or explore and/or discover additional information concerning the Information pursuant to Rule 26 and 30 of the Federal Rules of Civil Procedure;

      **IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

      1.      Defendants will disclose the Information to Plaintiffs by way of a supplemental

interrogatory response that designates the Information as "CONFIDENTIAL."

2.  Unless ordered by the Court or otherwise provided for herein, the Information disclosed will be held and used by the person receiving it solely for use in connection with the above-captioned matter and shall not be disclosed to any person except:

    a.  Plaintiffs and Plaintiffs' counsel;

    b.  Employees of Plaintiffs' counsel assigned to and necessary to assist in the litigation;

    c.  The Court (including the clerk, court reporter or stenographer), or other person having access to the Information by virtue of their position with the Court, or the jury at trial;

    d.  Subject to the condition set forth in Paragraph 4 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e.  Any person known or believed in good faith to be a witness in the above-captioned matter, whether during a deposition, trial testimony, or through direct communication; and

    f.  Defendant's insurance carrier, including New York Insurance Reciprocal.

3.  Prior to disclosing or displaying or otherwise communicating the Information to persons identified in Paragraph 2(d) above, Plaintiffs' counsel shall:

    a.  Inform the person of the confidential nature of the Information; and

    b.  Inform the person that this Court has enjoined the use of the Information for any purpose other than this litigation and has enjoined the disclosure of the Information to any other person, except as provided herein;

4. The Information may be disclosed or displayed to or otherwise communicated with the persons identified in Paragraph 2(d) only on the condition that prior to any such disclosure or display or communication each such person expresses agreement to be bound by this Order and to keep the Information confidential. In the event that the person refuses to agree to keep the Information confidential, the party desiring to disclose the Information may seek appropriate relief from the Court.

5. At the conclusion of the litigation, any additional copies of the supplemental interrogatory responses containing the Information shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

6. Nothing in this Order will prevent any party from producing the Information in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the producing party as soon as reasonably practical but no later than 14 days before any disclosure.

7. Nothing contained herein shall prevent, or be construed to prevent Plaintiffs from contacting, communicating directly with, deposing, or examining at trial or at any other hearing in this matter the individuals identified in the Information, and Defendants will not object to same.

8. Nothing contained herein shall prevent, or be construed to prevent, Plaintiffs from disclosing the Information when communicating with a person known or believed in good faith to be a witness in this above-captioned matter, and Defendants will not object to same.

9. The following is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to the Information or for modification of this order. This

Order may be enforced by any party and any violation of this Order may result in the imposition of sanctions.

10. This Stipulation may be executed in multiple counterparts.

Dated: White Plains, New York  
August __9_, 2024

**SILVERMAN & ASSOCIATES**

By: _____  
Valentina Lumaj  
*Attorneys for Defendants*  
445 Hamilton Ave., #1102  
White Plains, NY 10601  
(914) 574-4510  
VLumaj@silvermanandassociatesny.com

Dated: Goshen, New York  
August __9_, 2024

**SUSSMAN & GOLDMAN**

By: _____  
Jonathan R. Goldman  
*Attorneys for Plaintiffs*  
P.O. Box 1005  
1 Railroad Ave.  
Goshen, NY 10924  
(845) 294-3991  
jgoldman@sussman.law

**SO ORDERED.**

Dated: White Plains, New York

August 13 _____, 2024

_____  
Hon. Victoria Reznik

4